[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William E. Simmons, has appealed the action of the defendant, Board of Tax Review of the Town of Salisbury denying relief on CT Page 10463 the assessment of his property located at 130 Rocky Lane consisting of one-third of an acre on the list of October 1, 1990. The assessor valued the property as follows:
Land $65,000.00
Dwellings 31,500.00
 Outbuildings 760.00 __________ $97,260.00
70% of value for tax purposes:
Land $45,500.00
Dwellings 22,050.00
 Outbuildings 530.00 __________ $68,080.00
The appraisal report of Bruce T. Grannan, a witness for the defendant examined the property in connection with his approval and reported as follows:
BUILDING DATA
The site is improved with a one story summer use only cottage. The original section, of 425 square feet, was built in 1950 and a side section of 480 square feet, was added in 1968. Details are:
Foundation — None, erected on concrete block and concrete piers
Basement — None
Siding — Log slab and horizontal plyscore (Texture 111)
Roof — Gable with rolled asphalt and asphalt shingles
Windows — Sash
Insulation — Partial in some wall areas
Floors — Partical board and plywood CT Page 10464
Walls — Open frame, some natural wood paneling and some unfinished sheetrock
Ceilings — Open frame
Doors — Wood or none to some rooms
Trim — Below average quality millwork
Floor Plan — Kitchen Living room and dining area with stone fireplace Two unfinished bedrooms with curtains for doors Bath with shower only
Heat — Not central system; An external tank provides fuel to an wood burning stove
Water — Drilled well
Sewer — Stated as a cess pool
Electric — 110/220 volts of 100 amp capacity with circuit breakers
Hot Water — State electric tank with a 30 gallon capacity
Comments: The structure is of poor to fair quality construction has never been fully completed, displays some below standard workmanship, has received less than average care and maintenance and displays the following physical deficiencies:
 The concrete piers are improperly installed and have tilted due to frost action causing the cottage to lean sideways to the point where it may be structurally unsound.
 The base for the stone fireplace was not installed deep enough and the chimney is leaning to one side.
 The structure is infested with carpenter ants and the amount of resulting damage cannot be determined without an inspection by a qualified contractor.
 The structure requires a considerable amount of repair work, painting modernization and redecorating.
CT Page 10465 The overall rating of the cottage is poor to fair.
In the rear of the cottage is a 100 square foot frame utility shed which is fair to average condition. (Emphasis added.)
Mr. Grannan's approved value based on cost approach for structure and site improvement of $28,328.00 and sales comparison approach for land of $25,568.00 rounded out to $55,000.00. The defendant's appraiser, Lauren J. Elliott, testified on behalf of the town which placed a land value of $65,000.00 or $45,500.00 for the 70% assessment figure. Her comparable sale #2, a .50 acre parcel in Sharon has a total assessment of $67,700.00. Based upon the evidence, Ralston Purina Co. v. Board of Tax Review, 203 Conn. 425, 436, the court finds the assessment to be excessive.
The court finds that the true and actual value including its seasonal use and condition of the plaintiff's property to be as follows:
Land $31,500.00
Building 25,000.00
 Outbuilding 760.00 __________ $57,260.00
and its 70% assessment value:
Land $22,050.00
Dwelling 17,500.00
 Outbuilding 530.00 __________ $40,080.00
The appeal is sustained and judgment may enter accordingly.
PICKETT, J. CT Page 10466